IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) STAFFING SOLUTIONS OF WNY, INC. ) ) Defendant. ) ) | Civil Action No.____ **COMPLAINT** |

## NATURE OF THE ACTION

Pursuant to Section 706(f)(2) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(2); Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a); and Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") hereby applies to this Court for a temporary restraining order and preliminary injunction restraining and enjoining Defendant Staffing Solutions of WNY, Inc. ("Defendant" or "Staffing Solutions") from destroying, discarding, or altering documents and records relevant to a charge of discrimination filed against it.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(3) and 709(c) of Title VII, 42 U.S.C.§§ 2000e-5(f)(3), 8(c); Section 107(a) of the ADA, 42 U.S.C. § 12117(a); and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended,

29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Section 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 217.

2. The unlawful employment practices alleged herein were and are now being committed within the jurisdiction of the United States District Court for the Western District of New York and the employment records relevant to such practices are maintained in this judicial district.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(2)-(3) and 709(c) of Title VII, 42 U.S.C. § 2000e-5(f)(2)-(3) and 2000e-8(c); Section 107(a) of the ADA, 42 U.S.C. § 12117(a); and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. Defendant Staffing Solutions is a New York corporation doing business as an employment referral agency in New York State and, in particular, the Buffalo-Niagara region. At all relevant times, Staffing Solutions has been an employment agency within the meaning of Sections 701(c) and 703(b) of Title VII, 42 U.S.C. §§ 2000e(c) and 2000e-2(b); Section 101(2) of the ADA, 42 U.S.C. § 12111(2); and Section 11(c) of the ADEA, 29 U.S.C. § 630(c).

## STATEMENT OF CLAIMS

5. On October 15, 2015, Charging Party Tammi C. Iser filed a Charge of Discrimination (Charge No. 525-2016-00001) ("the Charge") against Defendant with the EEOC's Buffalo Local Office. The Charge alleges that, throughout Charging Party's employment, Defendant engaged in unlawful employment practices and that, when she

questioned such practices, her job was threatened. Charging Party worked at Staffing Solutions from October 21, 2013 until her constructive discharge on September 16, 2015. Her last position was office manager.

6. The Charge alleges that Defendant engaged in and is engaging in unlawful employment practices in violation of Title VII, the ADA, and the ADEA. The alleged unlawful practices include

    a. Failure to hire based upon race, religion, age, disability, national origin, and sex (including but not limited to pregnancy);

    b. Discriminatory job assignments, including segregated job locations, based upon race and sex;

    c. Accepting and fulfilling discriminatory requests from client-employers on the basis of race, sex, and national origin;

    d. Failure to provide reasonable accommodations to individuals with disabilities;

    e. Discharge or constructive discharge based upon disability, race, and sex (including but not limited to pregnancy);

    f. The use of tests, impermissible inquiries, and other screening tools to screen out applicants based upon race, age, pregnancy, disability, and national origin; and

    g. The coding of applicants and employees based upon race, disability, national origin, and sex (including but not limited to pregnancy), and the denial of employment on those bases.

7. The Charge further alleges that Defendant has failed to comply with its record-keeping obligations under Title VII, the ADA, and the ADEA.

8. The EEOC provided notice of the Charge to Defendant on October 21, 2015. However, the Charge has not yet been served on Defendant due to the EEOC's concern that Defendant will destroy, discard, or alter relevant evidence once it learns of the scope and details of the Charge and the EEOC's intent to immediately investigate same.

9. During Charging Party's intake interview and subsequent interviews with the Buffalo Local Office, she reported that Defendant routinely fails to hire applicants for discriminatory and retaliatory reasons.

10. Applicants who are not hired are referred to as "closed." Applicants are closed if, for example, they reveal a disability, pregnancy, back impairment, prior workers' compensation case, or criminal conviction, or if they complain about harassment or discrimination. Applicants who are closed are never referred out for employment and, in essence, are denied hire.

11. According to Charging Party, Defendant systematically destroys all documents relating to applicants it does not hire. As soon as an applicant is designated "closed," Defendant's employees are instructed to immediately shred his or her application materials in violation of federal record-keeping requirements.

12. The only record of applicants who were denied employment with Defendant for potentially discriminatory reasons is maintained electronically.

13. Closed applicants are color-coded red in Microsoft Outlook. If a closed, red-coded applicant inquires about the status of his or her application or any job referrals, Defendant's employees are trained to advise the applicant that there are no job assignments available at that time.

14. Charging Party estimates that, when she left Staffing Solutions in September 2015, there were approximately 3,000 closed, red-coded applicants in Microsoft Outlook.

15.     Charging Party has declared under penalty of perjury that, based upon her experience at Staffing Solutions, she believes that Defendant will destroy or alter any remaining paper or electronic evidence of its discriminatory practices once it learns the details of the Charge and the scope of the EEOC's intended investigation.

16.     The Commission has conducted a preliminary investigation of the allegations raised in the Charge and has concluded, on the basis of that preliminary investigation, that prompt judicial action in the form of preliminary relief is necessary to carry out the purposes of Title VII, the ADA, and the ADEA.

17.     The EEOC's ability to investigate and make a determination on the Charge, and to remedy the alleged discrimination, would be immediately and irreparably harmed if Defendant were to destroy or alter its business records. The alteration or destruction of Defendant's records would also irreparably injure the EEOC's ability to identify the client companies that allegedly made discriminatory requests for temporary employees and to remedy those discriminatory practices. Finally, the EEOC's efforts to identify the victims of the alleged discrimination and, if discrimination is found, to make those victims whole, would be immediately and irreparably harmed if Defendant were to destroy or alter its business records.

18.     The issuance of a temporary restraining order and preliminary injunction requiring Defendant to refrain from altering or destroying records relevant to the EEOC's investigation of the Charge would therefore advance the public interest in eradicating employment discrimination, remedying the effects of past discrimination, and ensuring equal employment opportunity for all.

19. The EEOC has no prompt, speedy, or adequate remedy at law to prevent or to remedy the destruction, alteration, or removal of documents relevant to its investigation and, therefore, injunctive relief is appropriate.

20. Defendant will not be harmed by the issuance of a temporary restraining order or preliminary injunction. The first portion of the order requires Defendant to do nothing more than retain its existing business records and to refrain from altering, destroying, or concealing such records in accordance with federal law. Employers are required to maintain job application and referral records, 29 C.F.R. § 1602.14, and to provide those records to the EEOC upon request or subpoena after initiation of a charge pursuant to Title VII and the ADA. 42 U.S.C. §§ 2000e-5 and 2000e-9; 29 C.F.R. § 1601.16. Thus, the first portion of the order would simply require Defendant to comply with its existing legal obligations.

21. The second portion of the order allows the EEOC access to Defendant's records for the purposes of inspection and copying. In furtherance of the Commission's statutory mandate, Congress conferred upon the EEOC broad investigatory powers, including access to evidence relevant to the Commission's investigation of a charge of unlawful employment practices. *See* 42 U.S.C. § 2000e-8(a) ("[T]he Commission or its designated representative shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated . . . that relates to unlawful employment practices covered by [the Act] and is relevant to the charge under investigation."). The Supreme Court has interpreted 42 U.S.C. § 2000e-8(a) as "giving the Commission a right to obtain that evidence, not a mere license to seek it." *Univ. of Pa. v. EEOC*, 43 U.S. 182, 192 (1990).

22. In the Second Circuit, a party seeking a temporary restraining order or preliminary injunction must show "(a) irreparable harm and (b) either (1) likelihood of success

on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

23.     Here, the Commission and the public will suffer irreparable harm if the EEOC's application for temporary and preliminary relief is not granted because, if Defendant's records are altered, removed, or destroyed, evidence of its discriminatory practices and policies will be irreversibly lost, and the EEOC will be unable to identify and make whole any victims of those discriminatory policies and practices. Under such circumstances, the Commission would be unable to fulfill its Congressional mandate to enforce the statutes within its jurisdiction and there would be no adequate remedy at law.

24.     The issues raised in the Charge are sufficiently serious to make them a fair ground for litigation, and the balance of hardships in this matter tips decidedly in favor of the EEOC. Granting the Commission's application will not injure Defendant because the EEOC is only seeking information that it is already entitled to examine and copy pursuant to its investigation of the Charge. Moreover, the EEOC will incur the costs and labor associated with inspecting and copying the relevant records, and the EEOC will complete its on-site investigation promptly and with the least possible disruption to the normal business of Defendant

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant the EEOC's application for a temporary restraining order:

    1.     Restraining Defendant, its officers, agents, employees, and any person or entity acting at its direction or on its behalf, from destroying, erasing,

altering, transferring, concealing, discarding, or removing from its premises, any and all evidence relevant to the Charge of Discrimination filed by Tammi C. Iser (Charge No. 525-2016-00001) pending a hearing to be promptly scheduled; and

  2. Allowing EEOC employees and agents immediate access to Defendant's premises and all files, records, computers, and personal electronic devices for the purpose of inspecting and copying any and all evidence relevant to the Charge of Discrimination filed by Tammi C. Iser (Charge No. 525-2016-00001) upon service of the Charge on Defendant.

B. Schedule a hearing on the EEOC's application for a preliminary injunction as soon as practicable;

C. Grant the EEOC's application for a preliminary injunction enjoining Staffing Solutions, its officers, agents, employees, and any person or entity acting at its direction or on its behalf, from destroying, erasing, altering, transferring, concealing, discarding, or removing from its premises any and all evidence relevant to the Charge of Discrimination filed by Tammi C. Iser (Charge No. 525-2016-00001) pending final disposition of the Charge; and

D. Grant such further relief as the Court deems necessary and proper.

           Respectfully submitted,

           David P. Lopez
           General Counsel

           Gwendolyn Y. Reams
           Associate General Counsel

           U.S. EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION

131 M Street, NE
Washington, DC 20507

/s/Raechel Adams
Acting Regional Attorney

/s/Nora Curtin
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3747

_____
Elizabeth Fox-Solomon
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Buffalo Local Office
6 Fountain Plaza, Suite 350
Buffalo, New York 14202
(716) 551-3393